UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | No. | 08 CR 354 |
| | ) | | 08 GJ 507 |
| v. | ) | | |
| | ) | | |
| ADEGBITE OLAMREWAJU ADEYEMO | ) | | |
| also known as Akangbe A. Lanre, | ) | Chief Judge James F. Holderman |
| and Larry Ade Aide | ) | | |

## GOVERNMENT'S AGREED UPON FIRST MOTION FOR AN EXTENSION OF TIME TO RETURN INDICTMENT PURSUANT TO 18 U.S.C. § 3161(h)

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully moves this Court, pursuant to 18 U.S.C. § 3161(h)(8), for a 30-day extension of time, to and including June 27, 2008, in which to seek the return of an indictment against the defendant, for the following reasons:

1.      On or about April 30, 2008, the defendant, Adegbite Olamrewaju Adeyemo, was arrested in the Northern District of Illinois for knowingly and willfully making a materially false, fictitious and fraudulent representation in a matter within the jurisdiction of the United States Customs and Border Protection, an agency within the executive branch of the Government of the United States, in that he falsely represented his identity in a U.S. Customs Form 6049B, in violation of Title 18, United States Code, Section 1001(a).

2.      A number of factors have led to the government's request for an extension.  After his arrest at O'Hare Airport. Law enforcement has performed additional investigation as to the true identity of the defendant.  This investigation has involved, among other steps, locating immigration records from the mid-1980's, including an order of deportation issued as to this defendant, albeit in a different name.  Further, the investigation has involved fingerprint comparisons to further identify the defendant.  At this point, the government has had discussions with counsel for the defendant as

it relates to additional charges beyond that in the criminal complaint. On this issue, the government and the defendant have discussed proceeding by information. Thus, in accordance with 18 U.S.C. § 3161(h)(8)(A) and (B), the ends of justice would be served by allowing the parties to discuss a resolution or charges short of an indictment. An exclusion of time may minimize the need for possibly needless expenditure of grand jury and district court time and resources. These reasons outweigh the interests of the defendant and the public in a speedy trial.

3.    Thus, the thirty days available to the government pursuant to Title 18, United States Code, Section 3161(b) in which to file an indictment or information against a defendant based on his arrest will not be sufficient. The United States estimates that a 30-day extension from the current expiration date of June 2, 2008, to and including July 2, 2008, will be sufficient time within which to reach an agreement between the government and the defendant, or, if not, seek the return of an indictment.

4.    Among the factors identified by Congress as relevant to the determination of whether time should be extended for indictment are those set forth in 18 U.S.C. § 3161(h)(8)(B), which provide in relevant part:

> Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> Whether the failure to grant such continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. §§ 3161(h)(8)(B)(I) and (iv).

5.    The government respectfully submits that the 30-day continuance is warranted in this case pursuant to the forgoing provisions. The government has been conducting a diligent and

thorough investigation in this case, but recent discussions between the government and the defendant require additional time.

6.      Counsel for the government spoke to counsel for defendant regarding this Motion on May 27, 2008.  Counsel for defendant indicated that he agrees with this Motion.

WHEREFORE, the United States respectfully requests a 30-day extension of time from June 2, 2008 to July 2, 2008 in which to seek an indictment in this case.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney


By:     /s/ Anthony P. Garcia
        Anthony P. Garcia
        Assistant United States Attorney
        United States Attorney's Office
        219 South Dearborn Street
        Chicago, Illinois  60604
        (312) 469-6151

Dated: May 30, 2008

3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 08 CR 354 |
| | ) | 08 GJ 507 |
| ADEGBITE OLAMREWAJU ADEYEMO | ) | Chief Judge James F. Holderman |
| also known as Akangbe A. Lanre, | ) | |
| and Larry Ade Aide | ) | |

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that the following

document: GOVERNMENT'S AGREED UPON FIRST MOTION FOR AN EXTENSION OF

TIME TO RETURN INDICTMENT PURSUANT TO 18 U.S.C. § 3161(h) was served on MAY

30, 2008 in accordance with Fed. R. Crim. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General

Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By:  s/ Anthony P. Garcia
ANTHONY P. GARCIA
Assistant United States Attorney
219 S. Dearborn Street - Fifth Floor
Chicago, Illinois  60604
(312) 469-6151