**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Docket Number: 08 CR 354 |
| Plaintiff, | ) | |
| | ) | Presiding Judge: |
| v. | ) | The Honorable Judge Harry D. Leinenweber |
| | ) | |
| ADEGBITE OLAMREWAJU ADEYEMO, | ) | |
| Defendant. | ) | |

**ADEGBITE ADEYEMO'S SENTENCING MEMORANDUM AND
MOTION FOR VARIANCE**

ADEGBITE ADEYEMO, BY HIS COUNSEL, PAUL CAMARENA, RESPECTFULLY submits that the United States Sentencing Guidelines advisory sentencing range is 6 – 12 months of imprisonment, and moves this Honorable Court to impose a sentence of 4 months of imprisonment. In support of his motion, Mr. Adeyemo states as follows:

Sentencing Memorandum[1]

The Offense, Offense Conduct, and Sentencing Guidelines Offense Level

In 1979, Mr. Adeyemo entered the United States with a student visa and began studying at Indiana State University. However, in 1983, in Indiana, Mr. Adeyemo pleaded guilty to a fraud, and a court sentenced Mr. Adeyemo to 8 months of imprisonment and suspended an additional 16 months imprisonment. As a result, in 1986, the United States ordered that it would deport Mr. Adeyemo.

In 1989, Mr. Adeyemo used the name Akangbe Lanre to apply for United States residency. Although the Attorney General did not expressly consent, Mr. Adeyemo re-entered the United States several times. Most recently, on April 30, 2008, Mr. Adeyemo re-entered the United States and planned to remain in the United States for 10 days so that he could attend his son's graduation ceremony at Indiana State University.

Pursuant to Guidelines Section 2L1.2(a), a defendant's unlawful entry into the United States results in a base offense level of 8. Pursuant to Section 2L1.2(b)(1)(D), if the defendant has a conviction for any felony, the offense level increases by 4. Pursuant to U.S.S.G. § 3E1.1(a), if the defendant accepts responsibility for his offense, the offense level decreases by 2. Thus, this case's final offense level is 10.

---

[1] The parties have waived the United States Probation Office's preparation of a Presentence Investigation Report.

Criminal History.

Mr. Adeyemo's criminal history points equal 0 and his Criminal History Category is I. As Mr. Adeyemo noted above, in 1983, he pleaded guilty to a fraud, and a court sentenced him to 8 months imprisonment. However, pursuant to U.S.S.G. § 4A1.2(e)(3), because that court imposed that sentence more than 25 years before the instant offense, the Guidelines do not add any criminal history points.

In 1986, Illinois charged Mr. Adeyemo with forgery and unlawful use of a credit card. However, the state filed a Motion of *Nolle Prosequi*. Thus, the Guidelines final offense level is 10, the Criminal History Category is I, and the advisory sentencing range is 6 – 12 months of imprisonment.

History and characteristics of Mr. Adeyemo.

Personal and Family Data.

Mr. Adeyemo is a 54 year old Nigerian resident and Nigerian citizen. Mr. Adeyemo's father is deceased. His mother is 88 years old, resides in Mr. Adeyemo's home in Nigeria, and is cared for by Mr. Adeyemo.

In 1987, Mr. Adeyemo married Kennie Omenai and the couple bore three children, all of whom are United States citizens and all of whom are close to Mr. Adeyemo. Significantly, Mr. Adeyemo re-entered the United States solely so that he could attend his son's college graduation.

In 1993, Mr. Adeyemo and Kennie Omenai divorced and now Mr. Adeyemo is re-married to his wife Henrietta. Mr. Adeyemo, his 88 year old mother, his wife Henrietta, and the couple's 9 year old son reside together in Mr. Adeyemo's home in Nigeria.

Employment.

In the past 10 years, Mr. Adeyemo has worked as a construction contractor in Nigeria. He has also operated a sole proprietorship, which he names Lake Ventures, that peddled hair products for people of African descent by procuring the products in the United States and re-selling in Nigeria.

Motion for Variance

Pursuant to the Guidelines' Instructions for Computing Criminal History, U.S.S.G. § 4A1.2(e)(2) and (3), "[a]ny [ ] prior sentence that was imposed within ten years of the defendant's commencement of the instant offense is counted," and "[a]ny prior sentence not within the time periods specified above is not counted." However, pursuant to the Guidelines' section on Unlawful Entry into the United States, U.S.S.G. § 2L1.2(b)(1)(D), if the defendant has a conviction for a felony, the offense level increases by 4, and this Guideline section is not limited to felonies within any time period. Thus, although Mr. Adeyemo's only prior sentence was imposed more than 25 years ago and the sentence was imprisonment for only 8 months, this sentence results in the Guidelines sentencing range increasing by at least 100%, from 0 – 6

months of imprisonment (Offense Level 6, Criminal History Category I) to 6 – 12 months (Offense Level 10, Criminal History Category I).

Because Mr. Adeyemo's only prior sentence was imposed more than 25 years ago and because, nevertheless, this sentence increases the Guidelines sentencing range by 100%, Mr. Adeyemo would move this Honorable Court to impose a sentence which varies just two months from the Guidelines sentencing range and to sentence Mr. Adeyemo to 4 months of imprisonment. Although the Seventh Circuit, in *United States v. Gonzalez*, 112 F.3d 1325, 1326 & 1332 (7th Cir. 1997), held that a Guidelines Illegal Reentry offense level enhancement for felonies applied even to a 15 year old felony, the Seventh Circuit also made clear that the district court could have departed based on this felony's date of conviction. ("[T]here is no indication in the sentencing transcript that the court thought it was without authority to depart on this ground. The mere absence of an explicit finding with regard to a specific ground for departure does not allow the inference that the court misunderstood the law or the extent of its discretion.") (citation omitted). *See also United States v. Mendez-Gonzales*, 2006 WL 1360079, * 2 (D.Kan. 2006) (in prosecution for illegal reentry, "the [almost 10 years old] age of the burglary conviction and the overall nature of defendant's criminal history would justify a downward departure under the pre-*Booker* guidelines system"). More importantly, the recent "Supreme Court's decision in *Kimbrough v. United States* authoriz[es] a district court to sentence a defendant below the guidelines range if it disagrees with the policy" of the guidelines. *United States v. Grayson*, 2008 WL 2787495, *3 (7th Cir. 2008).

Also, by analogy, when a criminal history category over represents the seriousness of a defendant's criminal history, the Guidelines encourage district courts to depart downward. U.S.S.G. § 4A1.3(b)(1). Consequently, based on prior offenses' date of convictions, several courts have departed downward. *United States v. Martinez*, 198 F.3d 248 (6th Cir. 1999) (because, *inter alia*, prior offense, which occurred 11 years earlier, was "too remote in time", district court departed from Criminal History Category IV to III); *United States v. Marquez-Ramirez*, 2008 WL 2421721, *1-2 (10th Cir. 2008) (because, *inter alia*, prior felony occurred over a decade ago, district court departed from Criminal History Category III to II). Mr. Adeyemo would submit that because his prior offense occurred over 2 ½ decades ago, this Honorable Court should too depart.

WHEREFORE, Mr. Adeyemo respectfully moves this Honorable Court, when contemplating a reasonable sentence, to factor that Mr. Adeyemo's only prior sentence, which was imposed more than 25 years ago, increases the sentencing range by 100%, to impose a sentence that varies slightly from the sentencing range, and to sentence Mr. Adeyemo to 4 months of imprisonment.

Respectfully submitted,
Adegbite Adeyemo's Counsel
North & Sedgwick L.L.C.

By:    /s/ Paul Camarena
       Paul Camarena, Esq.
       333 W. North, No. 150
       Chicago, IL 60610
       PaulCamarena@PaulCamarena.Com
       (312) 493-7494
       (312) 602-4945 (facsimile)